UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: WENDELL GOINS

    Debtor.

Case No. 11-17766-BFK
Chapter 13

WENDELL GOINS

    Plaintiff,

vs.

Colonial Homes Council of Co-Owners

    Defendants.

AP No.

## COMPLAINT TO DETERMINE SECURED STATUS AND AVOID LIEN

### Parties and Jurisdiction

1. WENDELL GOINS ("Debtor") is a Debtor before this court.

2. Defendant Colonial Homes Council Of Co-Owners ("Colonial Homes") is a corporation doing business in the Commonwealth of Virginia.

3. Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 27, 2011.

Scott J. Newton, Va Bar #44397
Stephens Boatwright, Cooper & Coleman, PC
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 (Fax)
Newton@manssaslaw.com
Counsel to Wendell Goins

4. This complaint is filed under Bankruptcy Rule 7001 to determine the validity of a lien.

5. This Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§, 151 157, 1334, F.R.B.P. 7001 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984.

6. Venue is proper in this district under 28 U.S.C. § 1409(a).

7. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

8. Included in the Chapter 13 bankruptcy estate of this case is the Debtor' interest in real property identified as 9125 Portner Avenue, Manassas, VA 20110, and more fully described as follows:

> All of Apartment Number 9125, Buildig Number B, containing 1,144.80 square feet in that condominium project known as COLONIAL HOMES, as described in that certain Master Deed, with Apartment Identification Plat attached thereto as "Exhibit B", dated June 7, 1973, and recorded June 7, 1973, in Deed Book 689, Page 506, among the Prince William County land records and amended by Amendment to the Master Deed dated July 2, 1973, and recorded among said land records on July 3, 1973 in Deed Book 694, Page 353, and further amended by Amendment to Master Deed dated February 12, 1974, and recorded February 12, 1974, among the said land records in Deed Book 724 at page 178; subject, however, to the reservations, restrictions on use and covenants and obligations set forth in the aforesaid Master Deed and By-Laws, as amended, which are hereby incorporated by reference.

TAX MAP ID: 100-17-00BDB-UT9125

9. That the real property is subject to a recorded Memorandum of Lien for Association Assessments **(Instrument #201011050098738, recorded November 5, 2010),** in the amount of $1,301.70, held by Colonial Homes. A copy of the Colonial Homes Memorandum of Lien is attached hereto as Exhibit 1.

10. That the real property is subject to a recorded Memorandum of Lien for Association Assessments **(Instrument #201103150021601, recorded March 15, 2011),** in the amount of

Scott J. Newton, Va Bar #44397
Stephens Boatwright, Cooper & Coleman, PC
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 (Fax)
Newton@manssaslaw.com
Counsel to Wendell Goins

$1,301.70, held by Colonial Homes. A copy of the Colonial Homes Memorandum of Lien is attached hereto as Exhibit 2.

11. As of the date of the filing of the Chapter 13 petition, the real property was valued at $94,800 as assessed by the City of Manassas. Attached hereto as Exhibit 3 the 2011 City of Manassas Real Estate Tax Bill showing the assessed value of $94,800.00.

12. That there exists one recorded Deed of Trust (**Instrument # 200902020008925**) held by W.T. Merchant, Jr., ("W.T. Merchant") which is prior and superior to the Colonial Homes Memorandums of Lien. A copy of the W.T. Merchant Deed of Trust is attached hereto as Exhibit 4.

13. That at the time of filing the Debtor' Chapter 13 petition, the amount owed to the holder of the prior first Deed of Trust, W.T. Merchant, was $103,000.00.

14. The secured value of the interests of the Colonial Homes Memorandums of Lien in the real property for the purpose of the Debtor' Chapter 13 is $0.00 (zero) and their claims shall be treated as unsecured for the purposes of the bankruptcy.

WHEREFORE, Plaintiff, Wendell Goins respectfully requests that the Court enter judgment:

> Declaring that Defendant, Colonial Homes Council Of Co-Owners, holds unsecured claims;
>
> Declaring that the Colonial Homes Council Of Co-Owners Memorandum of Lien for Association Assessments **(Instrument #201011050098738, recorded November 5,**

Scott J. Newton, Va Bar #44397
Stephens Boatwright, Cooper & Coleman, PC
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 (Fax)
Newton@manssaslaw.com
Counsel to Wendell Goins

**2010)**, in the amount of $1,301.70, shall be null and void upon entry of Debtor' Discharge from Chapter 13;

Declaring that the Colonial Homes Council Of Co-Owners Memorandum of Lien for Association Assessments **(Instrument #201103150021601, recorded March 15, 2011)**, in the amount of $3,490.10, shall be null and void upon entry of Debtor's Discharge from Chapter 13;

Ordering Defendant Colonial Homes Council of Co-Owners to record a release of their Memorandum of Lien for Association Assessments **(Instrument #201011050098738, recorded November 5, 2010)**, in the amount of $1,301.70, within 30 days of entry of Debtor's Discharge from Chapter 13;

Ordering Defendant Colonial Homes Council of Co-Owners to record a release of their Memorandum of Lien for Association Assessments **(Instrument #201103150021601, recorded March 15, 2011)**, in the amount of $3,490.10, within 30 days of entry of Debtor's Discharge from Chapter 13;

That the Court grant such further and other relief as deemed necessary and proper.

Scott J. Newton, Va Bar #44397
Stephens Boatwright, Cooper & Coleman, PC
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 (Fax)
Newton@manssaslaw.com
Counsel to Wendell Goins

COMMONWEALTH OF VIRGINIA
COUNTY/ CITY OF _Prince William_ to wit:

This day, in my jurisdiction, aforesaid Wendell Goins, personally appeared before me, and after being duly sworn according to law, deposed and said that the facts stated herein are true and accurate to the best of his knowledge and belief.

_____
Wendell Goins

SUBSCRIBED and SWORN to before me by Wendell Goins this 7th day of _May_, 2012.

_____
Notary Public

My Commission Expires: 08/3/2014
Notary #: 7069466

TERESA HAIRFIELD
NOTARY PUBLIC
REGISTRATION # 7069466
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
AUGUST 31, 2014

Scott J. Newton, Va Bar #44397
Stephens Boatwright, Cooper & Coleman, PC
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 (Fax)
Newton@manssaslaw.com
Counsel to Wendell Goins

Respectfully Submitted

Wendell Goins
By Counsel

STEPHENS, BOATWRIGHT, COOPER, COLEMAN & NEWTON, P.C.

\s\ Scott J. Newton
Scott J. Newton VSB44397
9255 Lee Avenue
Manassas, VA  20110-5514
703-361-8246; facsimile 703-361-4171
Newton@manassaslaw.com

Scott J. Newton, Va Bar #44397
Stephens Boatwright, Cooper & Coleman, PC
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 (Fax)
Newton@manssaslaw.com
Counsel to Wendell Goins

```
                                                        201011050098738
                                                    Electronic Recording      11/05/2010
                    MEMORANDUM OF LIEN                Michèle B. McQuigg, Clerk  03:03PM
                    FOR CONDOMINIUM ASSESSMENTS       Prince William County, VA
                                                    Pages:1           LIEN
```

CLAIMANT:                Colonial Homes Council Of Co-Owners, Inc.

UNIT OWNER:              Wendell GOINS

DESCRIPTION OF UNIT/ADDRESS:    9125 Portner Avenue, Manassas, VA 20110
                                Apartment 9125, Building Number B, COLONIAL HOMES

PARCEL ID #:             100/17 00/ B 9125/

SUBJECT TO THE COLONIAL HOMES MASTER DEED RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT FOR PRINCE WILLIAM COUNTY, VIRGINIA, IN DEED BOOK 689, PAGE 506, AND AS MAY BE AMENDED THEREAFTER.

AMOUNT OF UNPAID ASSESSMENTS CURRENTLY DUE AND DATE WHEN EACH FELL DUE:

| Date | Assessment | Violation | Client Misc. | Special | Late Fee |
|---|---|---|---|---|---|
| September 1, 2010 | $255.00 | - | - | $67.70 | - |
| September 21, 2010 | - | - | - | - | $25.00 |
| October 1, 2010 | $255.00 | - | - | - | - |

Plus $510.00 in accelerated assessments from November 2010 through December 2010 at $255.00 per month.

Attorney's fees:      $147.00
Collection Costs:     $0.00
Court Costs:          $42.00
Total Claimed:        $1,301.70

DATE OF ISSUANCE: October 1, 2010

This lien includes a claim for reimbursement for costs and additional attorney's fees pursuant to Section 55-79.84(e) of the Virginia Condominium Act and/or the Association's recorded covenants, together with interest at the maximum permissible rate for the sums secured by the lien from the time such sums became due and payable.

*Patricia A. Davis, President*
Patricia A. Davis, President
Colonial Homes Council Of Co-Owners, Inc.

                    AFFIDAVIT

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF Fauquier

On this day, Patricia A. Davis, President of Colonial Homes Council Of Co-Owners, Inc., appeared before me, the undersigned Notary Public, and made oath that the information contained in the above Memorandum of Lien is true and correct to the best of his/her knowledge, information and belief.

Subscribed and sworn to before me in the City/County and State aforesaid this 15th day of October, 2010.

                                *Notary Public*

My Identification # is: 7233314
My commission expires: 3/31/2013

Amy P. Daniels
Commonwealth of Virginia
Notary Public
Commission No. 7233314
My Commission Expires 03/31/2013

Prepared by and return lien to:               To arrange for payment or
CHADWICK, WASHINGTON, MORIARTY                release of the lien contact:
ELMORE & BUNN, P.C.                           Valerie Silver, Paralegal
9990 Fairfax Boulevard, Suite 200             CHADWICK, WASHINGTON,
Fairfax, Virginia  22030-1720                 MORIARTY, ELMORE & BUNN, P.C.
(703) 352-1900                                9990 Fairfax Boulevard, Suite 200
FAX (703) 352-5293                            Fairfax, Virginia  22030-1720
                                              (703) 352-1900

Pr-26492 Ac-544450 Ma-900 - 0372

Page 1 of 1

EXHIBIT
1

```
                                                      201103150021601
                                                 Electronic Recording       03/15/2011
                      MEMORANDUM OF LIEN         Michèle B. McQuigg, Clerk  08:32AM
                    FOR CONDOMINIUM ASSESSMENTS  Prince William County, VA
                                                 Pages:1             LIEN
```

CLAIMANT:                  Colonial Homes Council Of Co-Owners, Inc.

UNIT OWNERS:               Wendell GOINS

DESCRIPTION OF UNIT/ADDRESS:   9125 Portner Avenue, Manassas, VA 20110
                               Apartment 9125, Building Number B, COLONIAL HOMES

PARCEL ID #:               100/17 00/ B 9125/

SUBJECT TO THE COLONIAL HOMES MASTER DEED RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT FOR PRINCE WILLIAM COUNTY, VIRGINIA, IN DEED BOOK 689, PAGE 506, AND AS MAY BE AMENDED THEREAFTER.

AMOUNT OF UNPAID ASSESSMENTS CURRENTLY DUE AND DATE WHEN EACH FELL DUE:

| Date              | Assessment | Violation | Client Misc. | Special | Late Fee |
|-------------------|------------|-----------|--------------|---------|----------|
| January 1, 2011   | $255.00    | -         | -            | $67.70  | -        |
| January 25, 2011  | -          | -         | -            | -       | $25.00   |
| February 1, 2011  | $255.00    | -         | -            | $67.70  | -        |
| February 28, 2011 | -          | -         | -            | -       | $25.00   |
| March 1, 2011     | $255.00    | -         | -            | $67.70  | -        |

Plus $2,295.00 in accelerated assessments from April 2011 through December 2011 at $255.00 per month.

Attorney's fees:       $135.00
Collection Costs:      $0.00
Court Costs:           $42.00
Total Claimed:         $3,490.10

DATE OF ISSUANCE: March 2, 2011

This lien includes a claim for reimbursement for costs and additional attorney's fees pursuant to Section 55-79.84(e) of the Virginia Condominium Act and/or the Association's recorded covenants, together with interest at the maximum permissible rate for the sums secured by the lien from the time such sums became due and payable.

Patricia A. Davis, President
Colonial Homes Council Of Co-Owners, Inc.

AFFIDAVIT

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF Prince William

On this day, Patricia A. Davis, President of Colonial Homes Council Of Co-Owners, Inc., appeared before me, the undersigned Notary Public, and made oath that the information contained in the above Memorandum of Lien is true and correct to the best of his/her knowledge, information and belief.

Subscribed and sworn to before me in the City/County and State aforesaid this 8th day of March, 2011.

Notary Public

My Identification # is: 335044
My commission expires: 10/31/11

Prepared by and return lien to:            To arrange for payment or
CHADWICK, WASHINGTON, MORIARTY             release of the lien contact:
ELMORE & BUNN, P.C.                        Amy C. Koziol, Paralegal
201 Concourse Boulevard, Suite 101         CHADWICK, WASHINGTON,
Glen Allen, Virginia 23059-5642            MORIARTY, ELMORE & BUNN, P.C.
(804) 346-5400                             201 Concourse Boulevard, Suite 101
FAX (804) 965-9919                         Glen Allen, Virginia 23059-5642
                                           (804) 346-5400

Pr-26492 Ac-659064 Ma-900 - 0372



Rachel L. Blackwell
Commonwealth of Virginia
Notary Public
Commission No. 335044
My Commission Expires 10/31/2011

Page 1 of 1

EXHIBIT 2

CITY OF MANASSAS
ROBIN R. PERKINS, TREASURER
P.O. BOX 512
MANASSAS, VA  20108

**CITY OF MANASSAS**
**REAL ESTATE TAX BILL**

TAX YEAR 2011

LEGAL DESCRIPTION

UNIT 9125 BLDG B, COLONIAL   HOMES
100-17-00-BD B UT 9125
9125 PORTNER
DEED     02020008924                    1 S.F.

OWNER AS OF JANUARY 1

CURRENT ASSESSMENT $94,800

** GOINS, WENDELL
   9125 PORTNER AVE
   MANASSAS  VA  20110



## THE CITY OF MANASSAS, VIRGINIA

TAX ACCOUNT NUMBER  9780

FIRST HALF        2011 REAL ESTATE TAX

| ASSESSED VALUE | TAX RATE | TAX AMOUNT PER HALF | TOTAL TAX DUE ON OR BEFORE  6/06/11 |
|---|---|---|---|
| $94,800 | .6590 | 624.73 | 697.73 |
| $94,800 | ** .0770 | 73.00 | PENALTY AFTER DUE DATE    69.77 |

** FIRE AND RESCUE DISTRICT

10% OR $10.00 WHICHEVER IS GREATER
PENALTY NOT TO EXCEED TAX DUE
10% INTEREST, PER ANNUM, ACCRUES THE 1ST OF EACH MONTH

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION AND FOR PAYMENT OPTIONS
RETURN ENTIRE BILLING STATEMENT IF YOU REQUIRE A PAID RECEIPT

---

## THE CITY OF MANASSAS, VIRGINIA

TAX ACCOUNT NUMBER  9780

FIRST HALF        2011 REAL ESTATE TAX

| ASSESSED VALUE | TAX RATE | TAX AMOUNT PER HALF | TOTAL TAX DUE ON OR BEFORE  6/06/11 |
|---|---|---|---|
| $94,800 | .6590 | 624.73 | 697.73 |
| $94,800 | .0770 | 73.00 | PENALTY AFTER DUE DATE    69.77 |

** GOINS, WENDELL
   9125 PORTNER AVE
   MANASSAS  VA  20110

10% OR $10.00 WHICHEVER IS GREATER
PENALTY NOT TO EXCEED TAX DUE
10% INTEREST, PER ANNUM, ACCRUES THE 1ST OF EACH MONTH

RETURN THIS PORTION WITH A CHECK MADE PAYABLE TO: CITY OF MANASSAS
DO NOT WRITE BELOW THIS LINE


Blumberg No. 5208  EXHIBIT 3

000009780 0000006977 0000076750 0000069773 0

```
200902020008925
Electronic Recording            02/02/2009
Michèle B. McQuigg, Clerk       03:55PM
Prince William County, VA
Pages:5              TRUST
```

PREPARED BY:
Walsh, Colucci, Lubeley, Emrich & Walsh, P.C.
4310 Prince William Parkway, Suite 300
Prince William, VA 22192

RETURN TO:
Title Associates of Virginia, Inc.
9326 Main Street
Manassas, VA 20110

TITLE INSURANCE UNDERWRITER:
The existence of title insurance is unknown to preparer.

TAX MAP NO.: 100-17-00-BDB-UT9125

MA-09-00012

## PURCHASE MONEY DEED OF TRUST

THIS PURCHASE MONEY DEED OF TRUST, made this 2nd day of February 2009, by and between Wendell Goins, hereinafter called "Grantor"; and Title Associates of Virginia, Inc., a Virginia corporation, whose address is 9326 Main Street, Manassas, Virginia 20110, hereinafter called "Trustee" (if there be more than one trustee, any or all may act).

WITNESSETH:

That for and in consideration of the sum of Five Dollars ($5.00) in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, and for the express purpose of securing the payment of the hereinafter-described indebtedness, the said Grantor does hereby grant and convey with General Warranty of Title unto the said Trustee (if there be more than one Trustee, any or all may act), all of the following real estate, including all improvements thereon and appurtenances thereunto belonging, and also all fixtures now or hereafter attached to or used in connection with the property herein described, and in addition thereto such personal property as may be described below which is and shall be deemed to be fixtures and a part of the realty hereby conveyed and is a part of the security for the indebtedness hereby secured and herein mentioned, and shall be covered by this Deed of Trust, and more particularly described as follows:

All that certain tract or parcel of land located in the City of Manassas, Virginia, as the same is more particularly described as follows:

> All of Apartment Number 9125, Building Number B, containing 1,144.80 square feet in that condominium project known as COLONIAL HOMES, as described in that certain Master Deed, with Apartment Identification Plat attached thereto as "Exhibit B", dated June 7, 1973, and recorded June 7, 1973, in Deed Book 689, Page 506, among the Prince William County land records and amended by Amendment to Master Deed dated July 2, 1973, and recorded among said land records on July 3, 1973, in Deed Book 694, Page 353, and further amended by Amendment to Master Deed dated February 12, 1974, and recorded February 12, 1974, among the said land records in Deed Book 724 at Page 178; subject, however, to the reservations, restrictions on use and covenants and obligations set forth in the aforesaid Master Deed and By-Laws, as amended, which are hereby incorporated by reference.

{P0104426.DOC / 2 Goins-Merchant.dot 001701 000018}        1



EXHIBIT 4

NOTICE: THE DEBT SECURED HEREBY SHALL BECOME DUE AND PAYABLE IN FULL IMMEDIATELY UPON THE SALE, TRANSFER OR CONVEYANCE OF ALL OR ANY PART OF THE PROPERTY SECURING PAYMENT THEREOF, DESCRIBED HEREIN.

   IN TRUST to secure payment of a note or bond for One Hundred Twenty-Five Thousand and NO/100 Dollars ($125,000.00) dated February 2, 2009, on terms and bearing interest as therein set forth ("Note"), made by the Grantor herein and payable to W. T. Merchant, Jr. ("Beneficiary" or "Noteholder") with the entire principal balance due and payable in full on or before February 1, 2027.

The following provisions are hereby incorporated in their respective short forms and are to be construed in accordance with Section 55-60 of the Code of Virginia, as amended:

**EXEMPTIONS WAIVED**
**SUBJECT TO ALL UPON DEFAULT**
**INSURANCE REQUIRED:** Such commercially reasonable amount required by Beneficiary
**RENEWAL, EXTENSION OR REINSTATEMENT PERMITTED**
**RIGHT OF ANTICIPATION RESERVED**
**EITHER TRUSTEE MAY ACT**
**NOTEHOLDER RESERVES THE RIGHT TO SUBSTITUTE TRUSTEE,** with or without cause or notice, by recordation of a Deed of Substitution among the land records of Prince William County, Virginia.

   **THIS DEED OF TRUST** is made under the provisions of Virginia Code Section 55-59 and 60, as amended, and shall be construed to impose and confer upon the parties hereto and the beneficiary hereunder, all rights, duties and obligations prescribed by the said Section 55-59 and 60, as amended, and in short form as therein provided, except as hereinbefore or hereinafter otherwise restricted or expanded or changed.

   If Default shall be made in the payment of the Note, the Noteholder may declare the Note, and all sums due thereunder, immediately due and payable, without demand; and upon notification to the Trustee by the Noteholder of such default, the Trustee may foreclose by a sale of the Property as follows:

   (i) Trustee may take possession of the Property and proceed to sell the same at auction at the premises or at such other place in the County in which the Property or the greater part thereof lies, or in the corporate limits of any city surrounded by or contiguous to such county, or in the case of annexed land, in the county of which the land was formerly a part, as Trustee may select upon such terms and conditions as Trustee may deem best, after first advertising the time, place and terms of sale in a newspaper published or having general circulation in the county or city in which the Property or some portion thereof is located, at least once a week for two successive weeks.

{P0104426.DOC / 2 Goins-Merchant.dot 001701 000018}        2

(ii) The power of sale above granted may be exercised at different times as to different portions of the Property, and if for any reason any executory contract of sale shall not be performed, then new contracts may be made with respect to the same portion of the Property (with or without other portions). If Trustee deem it best for any reason to postpone or continue the sale at any time or from time to time, they may do so, in which event Trustee shall advertise the postponed sale in the same manner as the original advertisement of sale provided in clause (i) above.

(iii) Full power and authority is hereby expressly granted and conferred upon Trustee to make, execute and deliver all necessary deeds of conveyance for the purpose of vesting in the purchaser or purchasers complete and entire legal and equitable title to the Property, or the portion thereof so sold, and the recitals therein shall be received in all courts of law and equity as prima facie evidence of the matters therein stated; and at such sale the Noteholder may become a purchaser and no purchaser shall be required to see to the proper application of the purchase money.

(iv) The proceeds of such sale shall be applied first, to discharge the expenses of executing the trust, including a commission to Trustee of five percent (5%) of the gross proceeds of sale; next, to discharge all taxes, levies and assessments on the Property, with cost and interest, including a proper proration thereof for the current year; next, to reimburse Trustee and the Noteholder for all sums expended by them pursuant to the provisions of this Deed of Trust, with interest thereon; next, to pay the accrued interest on the unpaid principal balance due under the Note; next, to pay said unpaid principal balance; next, to pay any indebtedness secured by any lien of record inferior to the lien of this Deed of Trust; and any residue of said proceeds shall be paid to Grantors provided, however, that Trustee as to such residue shall not be bound by any inheritance, devise, conveyance, assignment or lien of or upon Grantors' equity, without actual notice thereof prior to distribution.

**NO LIABILITY OR OBLIGATION ON TRUSTEE OR THE NOTEHOLDER:** Nothing in this Deed of Trust shall be construed to impose any obligation upon either the Noteholder or Trustee to expend any money or to take any other discretionary act herein permitted, and neither the Noteholder nor Trustee shall have any liability or obligation for any delay or failure to take any discretionary act. Trustee shall not be required to see that this Deed of Trust is recorded and shall not be liable for the default or misconduct of any agent or attorney appointed by them in pursuance hereof, or for anything whatever in connection with this trust, except willful misconduct or gross negligence. Trustee may act upon any instrument or paper believed by them in good faith to be genuine and to be signed by the proper party or parties, and shall be fully protected for any action taken or suffered by them in reliance thereon.

**RELEASE UPON FULL PAYMENT.** Upon full payment of all sums due under the Note and this Deed of Trust, Trustee shall, upon the request of and at the cost of Grantors, execute a proper release of this Deed of Trust.

**ASSIGNMENT OF RENTS AND LEASES.** The Grantor hereby irrevocably assigns unto the Noteholder all leases now or hereafter existing on any part of the Property and all rents, income and profits from the Property, and hereby irrevocably appoints the Noteholder as his/her/their attorney in fact to do all things which the Grantor might otherwise do with respect to the Property and leases thereon, including, without limitation, collecting said rents, income and profits with or without suit and applying the same, less expenses of collection to cure any default under the Note or under this Deed of Trust, in such manner as the Noteholder may elect, leasing, in the name of the Grantor the whole or any part of the Property which may become vacant, and employing agents therefor and paying such agents reasonable compensation for their services. So long as there is no default under the Note or under this Deed of Trust, the Grantor shall remain in quiet use, possession and management of the Property and in the enjoyment of the rents, income and profits therefrom. The curing of any default, however, shall not entitle the Grantor to again collect the rent, income and profits unless consented to in writing by the Noteholder. The powers and rights granted in this paragraph shall be in addition to the other remedies herein provided for in event of default and may be exercised independently of or concurrently with any of said remedies. Nothing in the foregoing shall be construed to impose any obligation upon the Noteholder or Trustee to exercise any power or right granted in this paragraph or to assume any liability under any lease or any part of the Property and no liability shall attach to the Noteholder for failure or inability to collect any rents, income or profits.

**PAYMENT OF TAXES, INSURANCE AND ASSESSMENTS.** The Grantor will pay all insurance premiums for any insurance policy covering the Property that is subject to this Deed of Trust on or before the date such payment comes due. The Grantor will pay all taxes, and assessments levied against or which constitute liens on the Property that is subject to this Deed of Trust within thirty (30) days after they are due, but the Grantor may appropriately contest the levy of any such tax or assessment provided that it makes whatever provision for the protection of the Property that is subject to this Deed of Trust, including the payment of such tax or assessment, that the holder of the Note may require. Receipts evidencing payment of all insurance premiums, taxes and assessments levied against or which constitute liens on the Property that is subject to this Deed of Trust shall be delivered to the holder of the Note not later than forty-five (45) days after the due date thereof. Failure to pay such insurance premiums, taxes and assessments shall constitute a default hereunder and under the Note secured by this Deed of Trust. Notwithstanding the foregoing, at the election of the holder of the Note, the Grantor will pay to the holder of the Note, in addition to all other amounts payable hereunder and under the Note, on the due day of each monthly payment under the Note, an amount equal to one-twelfth of the annual real estate taxes and insurance premiums on the Property that is subject to this Deed of Trust to be held by the holder of the Note in a non-interest bearing account for the payment of such taxes and insurance when any payments thereof become due.

**DEFAULT IN ANY OTHER LIEN OR ENCUMBRANCE.** Any default or failure to pay any other lien or encumbrance on the Property shall be a default of this Deed of Trust, and Noteholder shall be entitled to all rights and remedies set forth in law or hereinafter stated.

This Deed of Trust shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective heirs, personal representatives, successors and assigns, and any descriptive term used herein shall include such heirs, personal representatives, successors and assigns.

**WITNESS** the following signatures and seals:

_____
Wendell Goins

State of Virginia
County of Prince William to-wit:

I, the undersigned, a Notary Public in and for the aforesaid jurisdiction, do hereby certify that Wendell Goins, whose name is signed to the foregoing writing dated the 2nd day of February 2009, has personally acknowledged the same before me in my aforesaid jurisdiction.

Given under my hand and seal this 2nd day of February 2009.

My commission expires: _____.

_____
Notary Public

AMY B. GRANT
Notary Public
Commonwealth of Virginia
308650
My Commission Expires Jun 30, 2011

{P0104426.DOC / 2 Goins-Merchant.dot 001701 000018}          5